# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOHN R. GRANO, JR., *ET AL.*,<br><br>        *Plaintiffs,*<br><br>v.<br><br>RAPPAHANNOCK ELECTRIC COOPERATIVE, *ET AL.*,<br><br>        *Defendants.* | CASE NO. 3:20-cv-00065<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

 This matter is before the Court on the Commonwealth of Virginia and Governor Ralph Northam's ("Commonwealth Defendants") motion to dismiss. Dkt. 64. Because the Court lacks subject matter jurisdiction as to the Commonwealth Defendants, the motion will be granted.

 Rappahonnock Electric Cooperative ("REC") holds an easement on the Plaintiffs' property that grants REC a right of way to construct, operate, and maintain an electrical distribution system. In 2020, the Virginia legislature enacted Va. Code § 55.1-306, which purports to broaden the scope of existing electrical easements to include the right to use those easements for the installation and operation of broadband without further compensation to the landowner.

 In their initial complaint, Plaintiffs John and Cynthia Grano challenged the constitutionality of the new statute by seeking declaratory and injunctive relief under 42 U.S.C. § 1983, which creates a private right of action for violations of federal rights. The Granos specifically claimed that REC had engaged in (1) arbitrary and capricious deprivation of property without due process of law in violation of the Granos' substantive due process rights under the

Fourteenth Amendment of the United States Constitution, (2) deprivation of property without procedural due process in violation of the Granos' procedural due process rights under the Fourteenth Amendment, and (3) a violation of the Contracts Clause. Dkt. 1. In a previous Order, the Court dismissed the Fourteenth Amendment claims because the Granos had not identified a state actor. Dkt. 48. The Granos subsequently sought, and the Court granted, leave to amend their complaint to add counts against the Commonwealth Defendants. Dkts 49, 53. The Granos now assert the same Fourteenth Amendment deprivations by Governor Northam, as well as Contracts Clause and Takings Clause violations by both Governor Northam and the Commonwealth of Virginia. Dkt. 54.

The Commonwealth Defendants bring their motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Eleventh Amendment of the United States Constitution grants them immunity from this suit.

With respect to the Commonwealth, it is black letter law that a private citizen may not sue his own State in federal court. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890). There are only two exceptions, neither of which apply here. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Epense Bd.*, 527 U.S. 666, 670 (1999) (articulating the two recognized exceptions: (1) Congressional abrogation of state sovereign immunity via its enforcement power under § 5 of the Fourteenth Amendment and (2) a state's consent to being sued).[1]

The Granos propose a third exception, under the theory that § 1 of the Fourteenth Amendment is itself an abrogation of the Eleventh Amendment. But this has never been the law.

---

[1] The Granos initially argued that the Commonwealth waived its sovereign immunity when it appeared pursuant to 28 U.S.C. § 2403 to defend the constitutionality of the Virginia statute. But in briefing for this motion, they conceded that such an intervention does not constitute waiver. *See* Dkt. 68 at 6. *Cf. Tennessee v. Garner*, 471 U.S. 1, 22 (1985) ("The state is a party only by virtue of 28 U.S.C. § 2403(b) and is not subject to liability.").

And our Circuit is not in the business of adding sweeping exceptions to the narrow ones that the Supreme Court has already recognized. *See Hutto v. South Carolina Retirement System*, 773 F.3d 536, 551 (4th Cir. 2014) (listing the contexts in which state sovereign immunity is surrendered and declining to "add a blanket exception for the Takings Clause").

Somewhat more modestly, the Granos also ask this Court to recognize a limited exception to sovereign immunity for a Takings Clause claim in which the state's courts do not offer a viable alternative forum. The Fourth Circuit expressly left open this possibility in *Hutto* and *Zito v. North Carolina Coastal Resources Commission*, 8 F.4th 281 (4th Cir. 2021). In *Zito*, the Fourth Circuit concluded that the Supreme Court's recent ruling in *Knick v. Township of Scott*, 139 S.Ct. 2162 (2019), did not undermine *Hutto*'s holding that sovereign immunity bars "a takings claim against a State in federal court if state courts remain open to adjudicating the claim." 8 F.4th at 288.

However, even if the Court were to recognize such an exception, the Granos have not shown that they qualify for it. State courts are considered open to adjudicate a takings claim "if they provide a reasonable, certain, and adequate means for challenging an action as a taking and obtaining compensation if the challenge is successful." *Id*. (internal quotation marks omitted). Virginia courts have long recognized the right of persons to sue the State for unconstitutional takings. *See e.g.*, *Rudee Inlet Authority v. Bastian*, 147 S.E.2d 131, 136 (Va. 1966) (holding that the powers of eminent domain granted by the General Assembly "go beyond constitutional limitations and are unconstitutional").

The Granos assert that Va. Code § 55.1-306 is "craftily worded" such that Virginia courts would be unable to provide meaningful judicial review. Dkt. 68. Specifically, the statute states:

> The use of easements, appurtenant or gross, to provide or expand
> broadband or other communications services (i) does not constitute

> a change in the physical use of the easement, (ii) does not interfere with, impair, or take any vested or other rights of the owner or occupant of the servient estate, (iii) does not place any additional burden on the servient estate other than a de minimis burden, if any; (iv) has value to the owner or occupant of the servient estate greater than any de minimis impact.

Va. Code § 55.1-306.1(B)(4). The statute also declares that unless a landowner's easement has an "express prohibition on the installation and operation of broadband or other communications services," then any "installation and operation of broadband or other communications services . . . shall be deemed, as a matter of law, to be a permitted use within the scope of every easement for the location and use of electrical communications facilities." Va. Code. § 55.1-306.1(D).

Virginia courts have always held that "[a]n Act passed by the General Assembly inconsistent with or repugnant to the Constitution is invalid, and it is our duty to declare such an act unconstitutional." *Terry v. Mazur*, 362 S.E.2d 904, 908 (Va. 1987). As with the federal courts, in Virginia it is for the judiciary, and not the legislature, to determine the constitutionality of statutes. *See e.g.*, *Rudee Inlet Authority v. Bastian*, 147 S.E.2d 131, 134 (Va. 1966) ("[A] declaration by the General Assembly . . . that a contemplated use is a public one [] is not conclusive and is subject to judicial review . . . ."). The Commonwealth will be dismissed because the Granos have not shown that the Virginia courts are closed to their takings claim. But it is dismissed without prejudice to a future motion showing that the Virginia courts do not "provide a reasonable, certain, and adequate means for challenging an action as a taking and obtaining compensation if the challenge is successful." *Zito*, 8 F.4th at 288.

The law is equally clear with respect to Governor Northam. *Ex Parte Young* permits a federal court to grant prospective, injunctive relief against a state officer to prevent a violation of federal law without triggering state sovereign immunity. 209 U.S. 123 (1908). The exception is based on the "fiction" that an officer who acts unconstitutionally is "stripped of his official or

representative character" and may therefore be "subject[]" to "the consequences of his individual conduct in federal court." *Id*. at 159–60. However, the *Young* exception is limited to situations where the sued official "has some connection with enforcement of the act." *Id.* at 157. If the rule where otherwise, the "constitutionality of every act passed by the legislature could be tested by a suit against the governor and attorney general," and the "fundamental principal that [states] cannot, without their assent, be brought into any court at the suit of private persons" would be a dead letter. *Id*. *See also Hutto*, 773 F.3d at 550 (same).

Thus, the Fourth Circuit has continuously "held that a governor cannot be enjoined by virtue of his general duty to enforce the laws[.]" *Hutto*, 773 F.3d at 550 (citing *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001). He must have "a specific duty to enforce the challenged statutes." *Gilmore*, 252 F.3d at 331.

Governor Northam does not have any specific duty to enforce Va. Code § 55.1-306.1. Indeed, as the Granos point out in their brief, "the Statute does not include an enforcement mechanism, and charges no state official or agency with a specific duty to administer or support the statute." Dkt. 68 at 3. The Governor will be dismissed.

The Commonwealth Defendants' motion to dismiss, Dkt. 64, is **GRANTED** *without prejudice*.

It is so **ORDERED.**

The Clerk of the Court is directed to send a copy of this order to Plaintiff and all counsel of record.

Entered this __5th__ day of November, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE